**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | |
| **Colleen Shiffer,** | : CHAPTER 13 |
| | : CASE NO. |
| Debtor(s) | : |
| | : CHAPTER 13 PLAN |
| | : |
| | : __ MOTION TO AVOID LIENS |
| | : __ MOTION TO VALUE COLLATERAL |
| | : |
| | : _x_ ORIGINAL PLAN |
| | : __ AMENDED PLAN |
| | : |

### YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### PLAN PROVISIONS

**DISCHARGE:**

_x_   The Debtor(s) will seek a discharge of debts pursuant to Section 1328(a).

____   The Debtor(s) is not eligible for a discharge of debts because Debtor(s) has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:**

__   This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

**1.   PLAN FUNDING AND LENGTH OF PLAN**

    A.   Payments to the Trustee shall be as follows: $ 100.00 per month for the first 24 months and $ 166.53 for the last 36 months of the plan. This will result in a total plan amount of $ 8,395.20 . This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

B.  In addition to the above specified plan payments, the Debtor(s) agrees to dedicate to the plan the estimated amount of sale proceeds as follows:   N/A

C.  The Debtor is responsible for funding the plan.

2. **SECURED CLAIMS**

   A.  <u>Adequate Protection Payments under Section 1326.</u>   Adequate protection payments in the following amounts will be paid by the Debtor(s) to the Trustee. The Trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor(s).

| **Name of Creditor** | **Address** | **Account#** | **Payment $** |
|---|---|---|---|

N/A

   B.  Mortgages and Other Direct Payments by Debtor(s).  Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| **Name of Creditor** | **Description of Collateral** | **Contractual Monthly Payment** | **Principal Balance of Claim** |
|---|---|---|---|

N/A

C. Arrears.

| Name of Creditor | Description of Collateral | Pre-petition Arrears to be Cured | Total to be Paid in Plan |
|---|---|---|---|

N/A

D. Secured Claims Paid According to Modified Terms: N/A

E. Other Secured Claims: N/A

F. Surrender of Collateral: 2006 Honda ATV
GE Money Bank
Bal. $6,199.00

G. Lien Avoidance: N/A

3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under Section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to Section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| PA Dept. of Revenue | 133.68 |

(Debtor shall pay outside the plan because this debt will be paid off prior to confirmation of the plan).

B. Administrative Claims:

(1) Trustee Fees: Percentage fees payable to the Trustee will be paid at the rate fixed by the U.S. Trustee, not to exceed 10%

(2) Attorney Fees: In addition to the retainer of $ 900.00 already paid by the Debtor(s), the amount of $ 1,600.00 shall be paid in Debtor(s) plan.

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full: N/A

   B. <u>Claims of General Unsecured Creditors.</u> The Debtor(s) estimate that a total of $ 6,032.00  will be available for distribution to unsecured creditors. The Debtor(s) calculates that a minimum of $ 6,032.00  must be paid to unsecured creditors in order to comply with the liquidation test. The Debtor(s) calculates that a minimum of $ 0.00 must be paid to unsecured creditors in order to comply with the means test.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**   N/A

6. **OTHER PLAN PROVISIONS:**  N/A

7. **ORDER OF DISTRIBUTION:**

   Payments will be made by the Trustee in the following order:

   Level 1:    Adequate protection payments
   Level 2:    Debtor(s) attorney fees
   Level 3:    Domestic support obligations
   Level 4:    Priority claims, pro rata
   Level 5:    Secured claims, pro rata
   Level 6:    Specially classified unsecured claims
   Level 7:    General unsecured claims

8. **REVESTING OF PROPERTY:**

   <u> x </u>    Property of the estate will vest in the Debtor(s) upon confirmation.

   ___    Property of the estate will vest in the Debtor(s) upon closing of the case.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor(s). General unsecured claims filed after the bar date shall not be paid.

| | |
|---|---|
| 09/01/09 | /s/Colleen Shiffer |
| Date | Colleen Shiffer, Debtor |

| | |
|---|---|
| 09/01/09 | /s/Philip W. Stock |
| Date | Philip W. Stock, Esquire |
| | Attorney for Debtor(s) |